```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ABDUS SHAHID and HALIMA ANSARI,

                    Plaintiffs,
        -against-                                    MEMORANDUM
                                                     AND ORDER
RIDGEWOOD-BUSHWICK SENIOR                            03-CV-4949 (DGT)
CITIZENS COUNCIL,

                    Defendant.
_____X
```

TRAGER, District Judge:

By Order dated November 17, 2003, this action was dismissed for failure to state a claim upon which relief can be granted and because it was frivolous. By Mandate issued February 15, 2005, the United States Court of Appeals for the Second Circuit affirmed this Court's decision. By Notice of Motion dated December 17, 2004, defendant seeks an Order imposing costs and sanctions pursuant to Fed. R. Civ. P. 11(b) upon plaintiffs for a "frivolous appeal" and restraining plaintiffs from further frivolous litigation. By Notice of Motion dated February 24, 2005, defendant seeks an Order awarding costs pursuant to Fed. R. Civ. P. 54(b). For the reasons set forth below, defendant's motions are denied.

Defendant states that plaintiffs violated Rule 11 by filing " a frivolous complaint which was not warranted by existing law" and that a restraining order is warranted because of "the litigious nature of the plaintiffs." Beyrer Affidavit at 3. Defendant argues that sanctions and costs are appropriate as defendant was required to defend plaintiffs' action in this Court and on appeal. Defendant complains of plaintiffs' "litigious nature" but cites to no other action filed by

1



plaintiffs against it or any other party.[i]

The instant record does not warrant the imposition of sanctions. Lack of meritorious claims alone does not warrant Rule 11 sanctions, especially if plaintiff is proceeding *pro se*. Daniel v. Safir, 135 F. Supp. 2d 367, 379 (E.D.N.Y. 2001). "Under Fed. R. Civ. P. 11, sanctions may be awarded when a pleading is presented for improper purpose, legal contentions are not warranted by existing law, factual contentions do not have evidentiary support, or the denial of factions [sic] contentions is unwarranted on the evidence." Boggs v. Die Fliedermaus, 286 F. Supp. 2d 291, 302 (S.D.N.Y. 2003). "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(2). Sanctions are appropriate for parties who are "acting in bad faith, vexatiously, wantonly, or for oppressive reasons." Boggs, 286 F. Supp. 2d at 302 (quoting Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992)).

Sanctions are inappropriate in this case as there is no evidence that plaintiffs filed this complaint in bad faith. Moreover, before sanctions are imposed, a *pro se* litigant must be "adequately warned of the consequences which may result from this behavior." Golub v. Univ. of Chicago, Nos. 87 Civ. 2891, 88 Civ. 0597, 1992 WL 333641, at *4 (E.D.N.Y. Oct. 26, 1992); Daniel, 135 F. Supp. 2d at 379.

---

[i]The Court notes that plaintiffs have filed two other actions against different defendants in this Court. The first, Shahid v. Brooklyn Legal Services, 03-CV-3029, was dismissed by this Court for lack of subject matter jurisdiction on November 10, 2003. That decision was affirmed by the United States Court of Appeals for the Second Circuit on January 13, 2005. Plaintiffs also filed an action against the City of New York, Shahid v. City of New York, 03-CV-5228, which is still pending before this Court.

Plaintiffs have received no warnings from the Court. Although the Court declines to impose sanctions or costs at this juncture, plaintiffs are warned that if they file any future frivolous actions in this Court, the Court will consider appropriate sanctions. Verbjar v. City of Rochester, No. 04-CV-6103L, 2005 WL 678515, at * 8 (N.D.N.Y. Mar. 24, 2005) (*pro se* litigants cautioned that they run the "risk of court-imposed sanctions" if they continue to pursue "baseless litigation").

CONCLUSION

Defendant's motion for sanctions under Fed. R. Civ. P. 11 and for a restraining order against plaintiffs is denied. The Court also denies defendant's motion for an award of costs.

Dated: Brooklyn, New York
April 18, 2005

SO ORDERED.

/David G. Trager
United States District Judge